**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

LILIAN YANETH REYES ARTEAGA,

         Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

         Respondent.

No. 21-482

Agency No.
A216-213-044

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023**

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Lilian Yaneth Reyes Arteaga, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

     *     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Reyes Arteaga failed to establish she was or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). Thus, Reyes Arteaga's asylum claim fails. Because Reyes Arteaga failed to establish any nexus at all, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

In light of this disposition, we need not reach Reyes Arteaga's contention that she suffered harm that rose to the level of persecution. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We do not reach Reyes Arteaga's contentions as to the cognizability of her proposed particular social groups because the BIA did not deny relief on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's denial of CAT protection

because Reyes Arteaga failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**